OSBORN, assignee, &c. *vs.* THOMAS.

The defendant, as assignee of an interest to the amount of $2000 in a contract for the building of a lake boat, having been obliged to assume the burden of paying workmen and completing the boat, in order to protect his interest, and to advance the funds necessary for that purpose, whereby the amount stipulated by the contract to be paid upon the completion and delivery of the boat was earned and became due and payable; *it was held* that he had a legal right, as such assignee, to go on and finish the boat for his own protection; and that he was not liable to pay over to a subsequent assignee of the contractors, in trust for the benefit of their creditors, any portion of the money received by him (the defendant) for the boat, until he had first been paid his $2000, and the amount necessarily advanced and paid by him in the completion of the boat according to the contract for building the same.

*Held*, also, that the plaintiff, as such assignee for the benefit of creditors took subject to the prior assignments; and that he had no claim, legal or equitable, upon the sum agreed to be paid upon the completion and delivery of the boat according to the terms of the contract, or any part thereof, until the expenses of such completion had been first paid and satisfied.

ON the first day of August, 1861, the firm of Harris, Thomas & Sons, of Sheldrake, Seneca county, were the owners of a contract, made March 29, 1861, between other parties, for the building of a lake boat, for the Steam Mill Company, of Sheldrake, by which contract $3212.50 were to be paid for the boat as follows: $500 June 1, 1861, which was paid; $712.50 in cash on the delivery of the boat, 15th August, but afterwards extended to the 16th of September, 1861; and the remaining $2000 at the time of the delivery of the boat, by notes payable at future periods. The boat, on the day first above named, was far advanced towards completion. On that day the said firm assigned to James B. Thomas the $2000 payable by said contract in notes; and the latter on the same day assigned his interest to the defendant, Jonathan Thomas. Subsequent to the assignment to James B. Thomas, and on the same day, the firm above mentioned assigned to James F. Bennett, and several other persons, the installment of $712.50 to be paid in cash on the delivery of the boat, so far as it should be necessary to pay those persons

Osborn *v.* Thomas.

the balances due them for work done on the boat to that date — the residue to belong to the said firm. The amount due said persons for such labor at that time was about $555. On the 2d day of August, 1861, the firm of Harris, Thomas & Sons made a general assignment of their property to the plaintiff, for the benefit of their creditors. Work upon the boat was thereupon suspended a week or ten days, during which the plaintiff was requested to go on and complete the boat, which he declined to do. The defendant thereupon went forward and completed and delivered the boat by the 16th of September, and received the $712.50 in cash, and the notes for the $2000, to be paid and given at that time. On the 16th of September, 1861, the defendant paid to Bennett and others, the amount due them for labor, and took an assignment from them of their interest in the contract. Beyond the amount paid them — about $555 — he paid in completing the boat $1630.20. The plaintiff then demanded of the defendant the balance remaining of the $712.50, after deducting the amount due Bennett and others for labor before the assignment to them, which the defendant refused to pay. This action was brought for an accounting and the payment of the balance due the plaintiff. The action was tried before a referee, whose findings of facts correspond substantially with the above statement. The referee found, as conclusions of law, that the defendant under the circumstances, had a legal right as assignee of a two thousand dollar interest in said contract, to go on and finish the boat for the protection of his interest. And that he was not liable to pay over to the plaintiff any portion of the money received by him for said boat, until he was first paid his said $2000, and the amount paid by him for labor performed on said boat at the time of the assignment to Bennett and others, and also the amount necessarily advanced and paid by him in the completion of said boat according to said contract for building the same.

*T. R. Strong,* for the appellant.

*John E. Seeley,* for the respondent.

*By the Court,* JOHNSON, J.   The conclusions of law of the referee upon the facts found by him, are clearly correct. The plaintiff, as assignee, had no claim, legal or equitable, upon the $712.50 to be paid upon the completion and delivery of the boat according to the terms of the contract, or any part thereof, until the expenses of such completion had first been paid and satisfied.   The defendant was the assignee of the $2000 to be paid in notes, as specified in the contract, and had therefore a deep and direct interest in having the boat completed for the protection and benefit of his interest in the contract.   The $712.50 to be paid on the delivery of the boat, was assigned to the workmen, or so much thereof as should be necessary to satisfy their demands for labor performed in building such boat, up to the time of the assignment to them.   The residue, if any, was to belong to the assignors.

These assignments were both made before the assignment to the plaintiff, and of course, as general assignee for the benefit of creditors, he took subject to the prior assignments. At the time of these several assignments the contract for the building of the boat had not been performed, so as to entitle the assignors to any compensation whatever under the contract.   The boat was yet to be finished, and the compensation fully earned, and this necessarily required further labor and expenditure.   The plaintiff was requested to go on and complete the job, so that the amount stipulated to be paid might be realized.   But this he very properly refused to do, upon the ground that it would require a much larger expenditure to complete the boat, so that payment might be demanded, than his residuary interest could possibly amount to.   In this he was clearly right.   The workmen had suspended work and refused to go on and complete the

Osborn *v.* Thomas.

boat. Under these circumstances it became absolutely necessary for the defendant to assume the burden of completing the boat, in order to save his interest thus assigned. This he did, and in doing so necessarily expended, as the referee finds, $1636.23. By this means, and not otherwise, the amount stipulated by the contract to be paid upon the completion and delivery of the boat was earned and became due and payable. The amount due the workmen at the time of the assignment to them, was $555, which the defendant assumed and paid, taking an assignment from them of their interest in the contract. It will thus be seen that had the boat been completed and delivered, or ready for delivery, at the time of the assignment to the plaintiff, his interest in the contract, or in the amount to be paid, could not have exceeded $156.50. The defendant's interest by the assignment was $2000, and he paid the workmen $555, the amount of their interest, making his whole claim $2555. In order to realize any portion of this he was obliged to lay out and expend the sum of $1636.23, leaving the amount realized on the entire claim, over and above the expenses necessary to secure any thing, only $918.77, and of this considerably over one half had been actually paid out to workmen, for labor, before the assignment. On his original claim of $2000, he only realized, after paying charges and expenses, $363.77. Under such circumstances, the claim of the plaintiff to any portion of this fund paid for the boat, is simply preposterous. The judgment is clearly right, and should be affirmed.

[MONROE GENERAL TERM, September 3, 1866. *Welles, E. D. Smith,* and *Johnson,* Justices.]